11-1887-ag
Tjua v. Holder

BIA
Balasquide, IJ
A089 253 796

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of June, two thousand twelve.

PRESENT:
　　　　Rosemary S. Pooler,
　　　　Richard C. Wesley,
　　　　Raymond J. Lohier, Jr.,
　　　　　　　*Circuit Judges.*

_____

KENNY TJUA,
　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　11-1887-ag
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　Oleh R. Tustaniwsky, Brooklyn, N.Y.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation; United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kenny Tjua, a native and citizen of Indonesia, seeks review of an April 20, 2011, decision of the BIA affirming the April 16, 2009, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tjua*, No. A089 253 796 (B.I.A. Apr. 20, 2011), *aff'g* No. A 089 253 796 (Immig. Ct. N.Y.C. Apr. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed "both the IJ's and the BIA's opinions 'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For applications governed by the REAL ID Act of 2005, an immigration judge may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies

in her statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *In re J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

In this case, substantial evidence supports the IJ's determination that Tjua did not testify credibly regarding her religious practice in the United States. In so finding, the IJ reasonably relied on inconsistencies in the record. *See Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. Tjua initially testified that she attends a Catholic church in Flushing, New York, on Sundays at noon. As the IJ found, this testimony was inconsistent with the testimony provided by Tjua's witness, who testified that he sees Tjua every Sunday at 11:00 a.m. services at a Protestant church located in Elmhurst, New York, and that those services do not conclude until 1:30 p.m. When confronted with this inconsistency, Tjua failed to offer a plausible explanation, stating that she had forgotten to mention the Protestant church. The IJ reasonably declined to credit that explanation, particularly in light of the fact that Tjua admitted on re-examination that the Protestant church is the church that she attends more regularly. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)(finding

3

that an immigration judge need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).  Accordingly, given the inconsistencies in the record, the IJ reasonably denied Tjua's application for asylum, withholding of removal, and relief under the CAT, because those claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Tjua's motion for a stay of removal is DISMISSED as moot. Her request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.2(c).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4